Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MILAGROS SANTIAGO ALVERIO<br><br>Recurrida<br><br>v.<br><br>OSNET WIRELESS, CORP.<br><br>Peticionaria | KLCE202300102 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso núm.: HU2021CV00227<br><br>Sobre: Represalias en el Empleo (Ley núm. 115 de 20 de diciembre de 1991)<br><br>Discrimen por Origen Nacional (Ley núm. 100 de 30 de junio de 1959)<br><br>Despido Injustificado (Ley núm. 80 de 30 de mayo de 1976)<br><br>Procedimiento Sumario (Ley núm. 2 de 17 de octubre de 1961) |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Rivera Torres y el juez Salgado Schwarz.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece ante este tribunal apelativo Osnet Wireless Corp. (en adelante la parte peticionaria) mediante el recurso de *Certiorari* de epígrafe solicitando nuestra intervención, a los fines de que dejemos sin efecto el pronunciamiento emitido por el Tribunal de Primera Instancia, Sala Superior de Humacao (el TPI), el 19 de enero de 2023, debidamente notificado a las partes al día siguiente. Mediante la aludida determinación, el foro primario denegó la solicitud de sentencia sumaria presentada por la parte peticionaria.

El presente recurso fue acompañado con una *Moción de Auxilio de Jurisdicción* solicitando la paralización de los

procedimientos por estar pautado el comienzo del juicio en su fondo para el 22 de febrero de 2023.

Por los fundamentos expuestos a continuación, denegamos la expedición del presente recurso de *certiorari* y declaramos *No Ha Lugar* a la moción en auxilio de jurisdicción.

**I.**

El 9 de marzo de 2021, la Sra. Milagros Santiago Alverio (en adelante la señora Santiago Alverio o la parte recurrida) presentó una *Querella* por violaciones a distintas leyes laborales. Además, se acogió al procedimiento especial de carácter sumario establecido en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq.*, (en adelante Ley núm. 2). En esencia, esta alegó que trabajó para la parte peticionaria desde el 4 de marzo de 2013 hasta el 16 de marzo de 2020 y que su despido fue uno sin justa causa.

En lo aquí pertinente, la parte peticionaria presentó el 30 de septiembre de 2022 una *Moción de Sentencia Sumaria* en la cual, en apretada síntesis, señaló que el despido de la señora Santiago Alverio fue parte de una reorganización *bona fide* que la empresa realizó ante la pandemia de COVID-19 y para enfrentar los cambios en las necesidades de sus operaciones. En la referida moción se propuso cincuenta y seis (56) hechos, los cuales a su entender no estaban en controversia. Asimismo, acompañó su solicitud con tres (3) anejos.

Luego de varias prórrogas, el 9 de enero de 2023 la parte recurrida instó su oposición al petitorio sumario. En esencia, indicó que existe controversia sobre la razón del despido y consignó cuatro (4) hechos que a su entender no están en controversia. La referida moción estuvo acompañada de cuatro (4) exhibits. El 11 de enero siguiente presentó la enmienda a la oposición acompañada de veinticinco (25) exhibits.

El 20 de enero de 2023 el TPI emitió el dictamen recurrido en el cual declaró *No Ha Lugar* a la solicitud de sentencia sumaria y mantuvo el señalamiento del juicio en su fondo para los días 22 y 23 de febrero de 2023. Asimismo, en cumplimento con la Regla 36.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, esbozó los hechos incontrovertidos; así como los que están en controversia.

Inconforme con dicha decisión, la parte peticionaria acude ante este foro intermedio mediante el recurso de *certiorari* de epígrafe señalando que el TPI incurrió en los siguientes errores:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL PERMITIR Y CONSIDERAR EN SU RESOLUCIÓN LA OPOSICIÓN QUE LA SRA. SANTIAGO ALVERIO PRESENTÓ A DESTIEMPO Y SIN JUSTA CAUSA.

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL EXCLUIR CUARENTA Y OCHO (48) HECHOS RELACIONADOS Y SUSTENTADOS POR OSNET AUN CUANDO ESTOS FUERON CONTROVERTIDOS DE CONFORMIDAD CON LA REGLA 36.3 DE PROCEDIMIENTO CIVIL.

> ERRÓ EL TPI AL NO APLICAR LOS HECHOS INCONTROVERTIDOS AL DERECHO Y DESESTIMAR LA QUERELLA.

Examinado el recurso presentado, determinamos prescindir del escrito en oposición. Regla 7 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7)

Así, analizados el recurso y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

Todo recurso de *certiorari* presentado ante este tribunal intermedio debe ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. En lo aquí pertinente, esta dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter

dispositivo. Sin embargo, aún cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, previo a ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto el *certiorari*. *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999). Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR*, *supra*; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. [Cita omitida]." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Así pues, se ha considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna. [cita omitida]." *Íd.*

A estos efectos, la Regla 40 de nuestro Reglamento, *supra*, enumera los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional *certiorari*. *I.G. Builders et al. v. BBVAPR*, *supra*. Dicha regla establece lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el mismo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por otro lado, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 154 (2000).

No empece lo anterior, al tratarse el presente pleito de un procedimiento especial, al amparo de la Ley núm. 2, se hace preciso remitirnos a lo expuesto en dicha ley y la jurisprudencia interpretativa. Este estatuto provee un procedimiento sumario para las reclamaciones laborales de obreros y empleados contra sus patronos, relacionados a salarios, beneficios y otros derechos relativos al ámbito laboral. El alcance de dicha ley se ha extendido a procesos judiciales relacionados con reclamaciones por: "(1) cualesquiera derechos o beneficios laborales; (2) cualesquiera sumas en concepto de compensación por trabajo o labor realizado; (3) cualesquiera compensaciones en caso de que dicho obrero o empleado hubiese sido despedido de su empleo sin justa causa, o (4) cuando el Legislador lo haya dispuesto expresamente al aprobar

otras leyes protectoras de los trabajadores." *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 922 (1996).

En nuestro ordenamiento se ha reconocido que la naturaleza sumaria de este procedimiento responde a la política pública de "abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero." *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 492 (1999). Por ello, en aras de preservar el carácter sumario del procedimiento, el Tribunal Supremo ha interpretado que las resoluciones interlocutorias que se emiten al amparo de la Ley 2 no son revisables, excepto en las instancias siguientes: (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 171 (2001); *Aguayo Pomales v. R & G Mortg.*, 169 DPR 36, 45-46 (2006); *Ortiz v. Holsum*, 190 DPR 511, 517 (2014) y *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 733 (2016). Las resoluciones interlocutorias que cumplen con alguna de estas excepciones serán revisables discrecionalmente mediante la presentación de un recurso de *certiorari*.

La razón de ser de esta norma general de abstención es evitar dilaciones que normalmente las revisiones de determinaciones interlocutorias conllevan, lo que precisamente derrotaría el fin perseguido por el procedimiento sumario. *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, a la pág. 498.

**III.**

En síntesis, la parte peticionaria señaló que el foro recurrido erró al no analizar los escritos de las partes conforme a los criterios establecidos en la Regla 36 de las de Procedimiento Civil y su jurisprudencia interpretativa. Hemos evaluado la resolución recurrida, y si bien constituye un dictamen denegatorio de una

moción dispositiva, analizada la misma bajo el crisol de la Regla 40 de nuestro Reglamento, *supra*, resolvemos no intervenir.

Como indicamos, en el contexto de un proceso sumario bajo la Ley núm. 2, la regla general, con limitadas excepciones, es la <u>no</u> revisión de dictámenes interlocutorios por este tribunal. Como señalamos, esta norma general solamente admite excepción cuando el TPI ha actuado sin jurisdicción o "en casos extremos en que la revisión inmediata, en esa etapa, disponga del caso … en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una 'grave injusticia'". *Íd.* En este caso, no surge del expediente que lo actuado por el TPI genere un "fracaso de la justicia", de tal modo que estemos ante una situación extrema, o grave injusticia, que amerite nuestra intervención.

En resumen, considerando los factores de la Regla 40, *supra*, particularmente a la luz de la norma general de no revisión de dictámenes interlocutorios en casos que se conducen sumariamente bajo la Ley núm. 2, hemos concluido que debemos denegar el auto solicitado. Destacamos que el presente caso tiene el juicio en su fondo pautado para los días 22 y 23 de febrero del presente año lo que implica, al tenor de la antedicha norma, que nuestra intervención, en esta etapa, podría ocasionar una dilación innecesaria e indeseable de los procedimientos.

La Secretaría del Tribunal de Apelaciones procederá al desglose de los apéndices de esta causa a la parte peticionaria para su uso posterior, de así interesarlo.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del presente recurso de *certiorari* y declaramos *No Ha Lugar* a la moción en auxilio de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones